. CARLTON, J., DISSENTING IN PART: ¶ 26. Because I would affirm the circuit court’s grant of summary judgment to the Appellees on Orr’s malicious-prosecution claim, I respectfully dissent in part from the majority’s opinion. ¶ 27. In McClinton v. Delta Pride Catfish Inc., 792 So.2d 968, 973 (¶ 9) (Miss. 2001), the Mississippi Supreme Court explained: When a party opposing summary-judgment on- a claim or defense as to which the party will bear the burden of proof at trial, fails to make a showing suffi-dent to establish an essential element of the claim or defense, then all other facts are immaterial and the moving party-is entitled to judgment as a matter of law. (Quoting Wilbourn v. Stennett, Wilkinson & Ward, 687 So.2d 1205, 1214 (Miss. 1996)). ¶ 28. In the present case, Orr bore the burden of proving by a preponderance of the evidence each of the following ele-merits of malicious prosecution: “(1) The institution of a proceeding^] (2) by, or at the insistence of the defendant!;] (3) the termination of such proceedings in the plaintiffs favor[;] (4) malice in instituting the proceedings!];] (5) want of probable cause for the proceedings!]; and] (6) the suffering of injury or damage as a result of the prosecution.” McClinton, 792 So.2d at 973 (¶ 8) (citation omitted). Upon review, I find that Orr failed to meet her burden of proof on two of the required elements— malice and want of probable cause. ¶ 29. “Probable cause is determined from the facts apparent to the observer when the prosecution is initiated. Probable cause requires both (1) a subjective element—an honest belief in the guilt of the person accused, and (2) an objective element—reasonable grounds for such belief.” Id. at (¶ 11) (internal citation omitted). “If probable cause existed for the initiation of criminal proceedings, a claim for malicious prosecution must fail.” Hudson v. Palmer, 977 So.2d 369, 381 (¶ 33) (Miss. Ct. App. 2007) (citation omitted). ¶ 30. The undisputed record evidence shows the following: (1) The Buckle possessed only one iPad during the time in question; (2) the store’s video surveillance showed this single iPad was last in Orr’s possession; (3) Orr took the iPad to the storeroom area (out of view of the security camera) and returned to the front of the store carrying a large purse; (4) the iPad disappeared after last being seen in Orr’s possession; and (5) The Buckle conducted a diligent investigation and inquiry into the incident but failed to locate the iPad. Based on this evidence, Orr is unable to refute these facts, and she is unable to refute “that a reasonable employer under the same circumstances would have had an honest belief in [her] guilt.” McClinton, 792 So.2d at 973 (¶ 11). Furthermore, the record reflects that, at each level of prosecution, agreement existed between the local police and prosecutor that the case against Orr should progress. Compare id. Because I find Orr failed to meet her burden to prove the Appellees lacked probable cause at the time they initiated the prosecution, I would affirm the circuit court’s grant of summary judgment to the Appellees on Orr’s malicious-prosecution claim. ¶ 31. In addition, I find that Orr failed to prove by a preponderance of the evidence that the Appellees maliciously initiated the proceedings against her. See id. at (¶8). As this Court has previously explained: In our analysis of a claim of malice, we must focus on the objective of the defendant who instituted the criminal proceedings. The, malice required for malicious prosecution occurs when the primary purpose of prosecuting is one other than bringing an offender to justice. A citizen may file a criminal complaint as long as he acts either in good faith, i.e., for a legitimate purpose or with reasonable grounds to believe that the person against whom proceedings are initiated may be guilty of the offense of which he is charged. For liability to be imposed, there must be an affirmative action that would advise, encourage, or pressure the institution of criminal proceedings. Perkins v. Wal-Mart Stores Inc., 46 So.3d 839, 845 (¶ 11) (Miss. Ct. App. 2010) (internal citations and quotation marks omitted). ¶ 32. I agree with the majority’s finding that, based on the criteria established by Mississippi caselaw, “nothing in the record [exists] to support a finding of malice on the part of the Appellees.” Maj. Op. at (¶15). As previously discussed, Orr bore the burden to provide competent evidence to demonstrate the Appellees acted unreasonably and in bad faith when they initiated the petit-larceny proceedings against her. See Perkins, 46 So.3d at 845 (¶ 13). However, Orr failed to refute the Appel-lees’ undisputed evidence showing they possessed reasonable grounds to believe she stole the iPad and, therefore, to report her to the police. ¶ 33. For the foregoing reasons, I would affirm the circuit court’s grant of summary judgment to the Appellees on Orr’s malicious-prosecution claim. I therefore dissent fi’om that part of the majority’s opinion that would reverse the circuit court’s grant of summary judgment and remand the case for further proceedings. GREENLEE, J., JOINS THIS OPINION. WILSON, J., JOINS THIS OPINION IN PART.